IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

**(Northern Division)**

| | |
|---|---|
| THE GENERAL SHIP REPAIR CORPORATION, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>TUG MS JANET, *in rem*, )<br>)<br>and )<br>)<br>HOST TERMINALS, LLC, )<br>)<br>    Defendants. )<br>) | Case No. 1:20-cv-02503-RDB |

## **ANSWER and COUNTERCLAIM**

Host Terminals, LLC ("Host Terminals") by counsel, answers Plaintiff's Amended Verified Complaint ("Amended Complaint") by paragraph as follows:

1. Admitted.

2. As to the allegations in paragraph 2 of the Amended Complaint, Host admits that venue is appropriate in this Court, but denies that the MS JANET remains at all times within this district.

3. Admitted.

4. Denied.

5. As to the allegations in paragraph 5 of the Amended Complaint, Host admits only that, on June 17, 2019, GSR provided Host by email a proposal for drydock and repair work to be performed on the Tug MS JANET and the cost of such services and attached a two-page PDF copy of Proposal No. 128-19 ("Proposal Form").  The Proposal Form speaks for itself, and to the

extent that Proposal Form differs from allegations in paragraph 5, Host denies same.  Host denies any other allegations in paragraph 5 to the extent not expressly admitted herein.

      6.      As to the allegations in paragraph 6, Host admits only that it accepted a two-page proposal, but denies it accepted it on June 20, 2019.  As to Exhibit A (Doc. 1-1) attached to the Verified Complaint filed on August 31, 2020 (the "Complaint"), Host admits only that the copy of the proposal Host accepted is pages 1 and 2 (of 3) of Exhibit A.  For the avoidance of doubt, Host denies that Plaintiff ever provided the document attached as page 3 of Exhibit A with the Proposal.  Host denies any other allegations in paragraph 6 to the extent not expressly admitted herein.

      7.      As to the allegations in paragraph 7, Host admits only that Plaintiff commenced work on the MS JANET, GSR submitted invoices, and the invoices attached as Exhibit B to the Complaint filed August 31, 2020, total $284,960.00.  All other allegations in paragraph 7 are denied.

      8.      Denied.

      9.      Denied.

## **Affirmative Defenses**

      10.      During the course of Plaintiff's performance of services and work for and to the MS JANET, the Tug was damaged as a result of Plaintiff's negligence and poor workmanship.

      11.      During the course of Plaintiff's work on the MS JANET, Plaintiff breached the agreement and failed to properly and adequately perform the services it contracted to perform.

      12.      GSR breached its warranty that the work on the MS JANET would be done with reasonable care, skill, and diligence and in a workmanlike manner and without causing damage to the Tug.

13. GSR charged Host for time and materials for services it did not perform and/or for additional services or materials it provided in its unsuccessful attempts to correct its mistakes.

14. Any amount due Plaintiff is offset by the damages to the MS JANET and additional expenses incurred by Host as a result of Plaintiff's negligence and poor workmanship.

15. Plaintiff is barred from the relief sought in the Complaint by the doctrines of waiver or estoppel.

16. Host Terminals reserves the right to amend its answer and affirmative defenses

WHEREFORE, Host Terminals, LLC, demands judgment dismissing the Complaint with prejudice, awarding it its costs and disbursements of this action, including reasonable attorney's fees, and for such other and further relief as this Court may deem just and proper.

## COUNTERCLAIM

For its counterclaim to the Amended Complaint of Plaintiff, defendant Host Terminals, LLC, for itself and as the owner and operators of the tug MS JANET states as follows:

1. Host Terminals, LLC ("Host"), is a Virginia limited liability company, in the business of providing maritime services, including terminal operations, stevedoring, and tug and towage in ports along the Atlantic and Gulf seaboards, including Baltimore, Maryland.

2. Host owns and operates the Tug MS JANET, a named defendant not yet subject to the Court's in rem jurisdiction, through its wholly owned subsidiary, Ms Janet LLC, a single asset Virginia limited liability company.

3. The General Ship Repair Corporation ("GSR"), founded in 1924, promotes its expertise in ship repairs, tug and barge dry dockings and industrial services in the Baltimore area.

4. Beginning in or around late May and early June 2019, Host contacted GSR and requested a quote for drydocking the MS JANET between July 7 and 12, 2019, for renewal of its cutlass bearings and other routine maintenance.

5. At all times relevant, GSR was aware that time was of the essence because Host employed the MS JANET to provide marine transportation pursuant to a contract with a third party.

6. On June 17, 2019, GSR sent Host by email a two- page Proposal No. 128-19 (the "Proposal"), in portable document format (PDF), a copy of which is attached as **Exhibit 1**.

7. The Proposal for "DRYDOCK AND REPAIR" listed seven items of routine maintenance, including drydock, "lay days" and associated services (items 1-3) and labor, equipment and materials to remove and reinstall ship's rudder, propellers, tailshafts and bearings (items 4-7).   Host estimated it would take GSR four to five business days to perform the repair and maintenance services outlined in items 1 through 7 in the Proposal and cost between $50,000.00 and 60,000.00.

8. Host accepted the Proposal by email on June 21, 2019.  On the afternoon of July 7, 2019, Host brought the MS JANET to GSR, and she was drydocked on July 8, 2019.

9. On July 12, 2019, GSR advised Host that the struts for both propeller tail shafts were out of alignment.   GSR recommended by email that the "100% correct way to fix this is to bring in a company that can bore these."

10. Host accepted GSR's recommendation and approved extensive additional services and repairs to the MS JANET.

11. Instead, GSR conducted the actual line boring of both the port and starboard struts without bringing in another company contrary to its initial recommendation.

12. The MS JANET was floated from GSR's drydock on July 26, 2019, and returned to service in Baltimore the next day after GSR performed coupling checks.

13. Within five days after the MS JANET first returned to service, the crew heard noises emanating from the port quarter of the vessel which got progressively louder over the next few days.

14. On August 8, 2019, GSR sent Host by email a four-page invoice in PDF, dated July 31, 2019, in the total amount of $186,949.00.  The invoice listed nineteen different items of repair and services allegedly performed between June 28, 2019 and July 31, 2019.

15. On August 12, 2019, Host hired a replacement tug from a third party to perform Host's marine transportation contractual obligations.  The MS JANET then returned to GSR on August 12, 2019, after having performed limited hours of towing service after July 27, 2019.

16. As initially reported by email, GSR maintained the tug's propeller struck an underwater obstruction resulting in the following damages to the port line shafting:

   1) Port shaft is severely bent, a minimum of 1/16" at the rear strut, likely more than that once unshipped.
   2) Rear strut is cracked at the Kort Nozzle and likely pushed over to one side.
   3) One of the propeller blades is cracked longitudinally from hub to tip and there is severe scoring on some of the blades.

17. Host denies that any underwater propeller strike ever occurred from the time the MS JANET departed GSR on July 27, 2019, through the time of her return on August 12, 2019.

18. Over the course of two months and a total of three visits to its facility, GSR was unable to determine or resolve what was wrong with the MS JANET.  Instead, GSR's efforts to fix the vessel only caused further damage, expense and delay.

19. Host relied on the representations and recommendations of GSR regarding its expertise in the maintenance and repairs of tugboats with the facilities and capability to perform all types of repairs.  GSR failed to satisfactorily complete the services it recommended during the initial drydock.

20. Ultimately, after significant loss of time and expense, Host lost all faith in GSR's ability to repair the vessel satisfactorily and restore her to the condition she was in when she first arrived at GSR for routine maintenance.

21. Host took the vessel to Colonna's Shipyard in Norfolk, Virginia, where the MS JANET was repaired at great expense.  The MS JANET eventually returned to service at the end of October 2019.

22. The MS JANET was damaged as a result of GSR's negligence, poor workmanship and unsuccessful efforts to correct its mistakes.

23. Host incurred out of pocket expenses in excess of $475,000.00 related to the repair of the MS JANET and for a replacement tug from August 12 through October 27, 2019, plus legal expenses.

## COUNT I – Breach of Contract

24. The foregoing paragraphs are incorporated by reference as though fully set forth herein.

25. Host accepted GSR's recommendation and offer to perform vessel repair and maintenance services for the MS JANET, and the parties entered into a maritime contract.

26. GSR failed to perform the repair and maintenance services for the MS JANET as agreed by, among other things, performing negligent repairs that caused damage to the tug, recommending unnecessary additional services and repairs, and failing to retain outside vendors it had recommended to perform the boring of the struts that GSR was not qualified to do.

27. As a result of breaches by GSR, Host suffered damages including the cost of extensive additional repairs to the vessel and expenses incurred to provide a replacement for the MS JANET.

28. As a direct and proximate result of GSR's breach, Host has suffered damages as set forth above, as well as such other damages as may be proved at trial.

### COUNT II - Breach of Warranty of Workmanlike Performance

29. The foregoing paragraphs are incorporated by reference as though fully set forth herein.

30. Implied in ship repair contracts is a warranty of workmanlike performance.

31. GSR failed to perform its obligations in a careful, skillful, and workmanlike matter, and thereby breached the warranty owed Host and the MS JANET.

32. As a direct and proximate result of GSR's breach, Host has suffered damages as set forth above, as well as such other damages as may be proved at trial.

### COUNT III - Negligence

33. The foregoing paragraphs are incorporated by reference as though fully set forth herein.

34. GSR had a duty to use reasonable care in the performance of the drydocking, maintenance and repair of the MS JANET.

35. GSR breached its duty of reasonable care and was negligent and/or grossly negligent by failing to properly perform the drydocking, maintenance and repair of the MS JANET.

36. During the course of GSR's performance of services and work for and to the MS JANET, the Tug was damaged as a result of GSR's negligence and poor workmanship.

37. As a direct and proximate result of GSR's breach, Host has suffered damages as set forth above, as well as such other damages as may be proved at trial.

WHEREFORE, Host Terminals, LLC, respectfully demands judgment against The General Ship Repair Corporation for its breach of contract, breach of warranty, and/or negligence in the amount of $475,000.00 or such other sum as is proved, for any and all damages

that Defendants have sustained as a result of breaches of and by Plaintiff, including interest, costs, expenses, and attorney fees; and for such other and further relief as this Court deems just and appropriate under the circumstances.

      /s/ James R. Jeffcoat
Charles L. Simmons (Bar No. 024278)
James R. Jeffcoat (Bar No. 30105)
Whiteford, Taylor & Preston, LLP
7 St. Paul Street, Suite 1500
Baltimore, MD 21202
P: 410.347.8700
F: 410.234.2348
csimmons@wtplaw.com
jjeffcoat@wtplaw.com

Ann B. Brogan, VSB No. 25567
Davey & Brogan, P.C.
101 Granby Street, Suite 300
Norfolk, VA 23510
Telephone: (757) 622-0100
Facsimile:  (757) 622-4924
Email: ann.brogan@daveybroganpc.com
*Attorneys for Defendant Host Terminals, LLC*

## CERTIFICATE OF SERVICE

**I CERTIFY** that on November 24, 2020, a copy of the foregoing Answer and Counterclaim was served via ECF filing on:

James W. Bartlett, III (Bar No. 00017)
Imran O. Shaukat (Bar No. 30134)
Semmes, Bowen & Semmes
25 South Charles Street, Suite 1400
Baltimore, Maryland 21201
*Attorneys for Plaintiff,*
*The General Ship Repair Corporation*

      /s/ James R. Jeffcoat
James R. Jeffcoat